IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY** as Trustee for Morgan Stanley ABS Capital 1 Inc., MSAC 2007-NC1, | § § § § § § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:10-CV-2143-L** |
| | § | |
| **CURTIS LEE**, and all occupants of 1245 Tioga Drive, Irving, TX 75063, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed on November 11, 2010. Defendant Curtis Lee ("Lee"), proceeding *pro se*, filed no response. After carefully reviewing the motion, record, and applicable law, the court **grants** Plaintiff's Motion to Remand.

This action arises out of a foreclosure sale of real property held by Lee and located at 1245 Tioga Drive in Irving, Texas (the "Property"). Plaintiff Deutsche Bank National Trust Company ("Plaintiff") purchased the Property on February 3, 2009. On September 10, 2010, Plaintiff sued Lee for Forcible Entry and Detainer in the Justice of the Peace Court of Dallas County, Texas, Precinct 4. Lee appealed the Order for Possession from the Justice of the Peace Court to Dallas County Court at Law No. 5 and subsequently removed the case to this court on October 25, 2010. In his Notice of Removal, Lee listed diversity of citizenship under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331 as the two bases for federal jurisdiction. Plaintiff asserts that this case should be remanded to the County Court at Law because Lee's Notice of Removal was not

timely filed, his amount in controversy allegations are defective, and he failed to establish federal question jurisdiction under 28 U.S.C. § 1331.

The court agrees that Lee's purported showing of federal jurisdiction is deficient for several reasons. Lee makes a conclusory statement in his Notice of Removal that the court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. He provides no federal statutory or legal authority forming the essence of Plaintiff's lawsuit. As far as the court can glean from the record, Plaintiff's claim against Lee arises under the Texas Property Code concerning a forcible eviction of Lee from the Property that Plaintiff purchased. The removing party bears the burden of showing that federal jurisdiction exists. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). Lee has failed to satisfy this burden under 28 U.S.C. § 1331.

Although Lee states that the parties are diverse, he has failed to establish that the amount in controversy exceeds $75,000. He contends that it exceeds $75,000 because the value of the Property exceeds $75,000. As noted by Plaintiff, however, the amount in controversy in this case is not the value of the Property itself, but rather the value of the right to *occupy* the Property. *See Ezon v. Cornwall Equities Ltd.*, 540 F. Supp. 885, 889 (S.D. Tex. 1982) (citing *Battle v. Atkinson*, 115 F. 384, 389 (W.D. Ark. 1902), *aff'd*, 191 U.S. 559 (1903)). Plaintiff contends that this amount is substantially less than the Property value and has not included a monetary value in its request for relief. Moreover, a removing defendant "must produce evidence that establishes that the actual amount of the plaintiff's claim will exceed [$75,000]." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Lee, at this juncture, is a tenant at sufferance in wrongful possession of the Property, and he has provided no evidence establishing the Property's rental value or the value of the right to *occupy* the Property. Further, even if the court accepts Lee's

contention that the amount in controversy is equal to the value of the Property itself, there is still insufficient evidence from Lee to demonstrate the Property's value. The court accordingly determines that Jones has failed to satisfy his burden and has failed to show that federal jurisdiction exists under 28 U.S.C. § 1332.[1]

Finally, even if the court assumes that federal jurisdiction exists, the court expressly rejects any contention that Lee's Notice of Removal was timely filed. The record makes clear that this case originated on September 10, 2010, in the Justice of the Peace Court, not the County Court at Law. Lee was served on September 14, 2010. As Lee's October 25, 2010 Notice of Removal was filed more than thirty days from the date of service, any contention that removal was timely is meritless.

For the reasons stated herein, the court **grants** Plaintiff's Motion to Remand.[2] This case is **remanded** to the County Court at Law Number 5, Dallas County, Texas. The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 23rd day of December, 2010.

Sam A. Lindsay
United States District Judge

---

[1] Having determined that there is no basis for original jurisdiction in this case under 28 U.S.C. §§ 1331 and 1332, the court concludes that jurisdiction over any supplemental claims invoked pursuant to 28 U.S.C. § 1367 necessarily fails.

[2] Having found two independent bases for remanding this action, the court does not address Plaintiff's remaining argument that Lee failed to obtain consent for removal from all of the other defendants.